Gerald David **WHITTAKER**, Petitioner,

v.

Charles "Buck" **RAMSEY** et al., Respondents.

Civ. No. 4–80–32.

United States District Court, E. D. Tennessee, Winchester Division.

Sept. 15, 1980.

**424**

Gerald David Whittaker, pro se.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. Gerald David Whittaker, alleging he is in the custody of the respondent-sheriff of Coffee County, Tennessee awaiting trial on a charge of armed bank-robbery in the Circuit Court of Coffee County, Tennessee, applied to this Court for the writ of habeas corpus. He claims that he waived extradition from the sending state of Alabama to the receiving state of Tennessee on such charge on July 28, 1980 under an agreement with the respondent district attorney general whereby he would waive his right to an extradition hearing in Alabama if he would be incarcerated in the city jail of Tullahoma, Tennessee and not in the aforementioned county jail in the same county.

Mr. Whittaker claims that, despite the foregoing agreement, he was transferred from the city jail in Tullahoma to the county jail in Manchester (in the same county) where he is now held. He claims further that this is a violation of his federal right to due process of law, Constitution, Fifth and Fourteenth Amendments. 28 U.S.C. § 2254(a). He claims that he exhausted his remedies in the courts of Tennessee under the laws of Tennessee by applying to the respondent judge of the 7th judicial circuit of Tennessee, part II, " * * * for an order to return plaintiff [the applicant] to the Tullahoma city jail or a show cause hearing on the waiver. * * * " 28 U.S.C. §§ 2254(b), (c). Mr. Whittaker's application for relief is not timely.

A person accused in one state of being a fugitive from justice of another state may waive by agreement his right to resist extradition. Uniform Criminal Extradition Act, T.C.A. §§ 40–1001, et seq. When this occurs, however, and the accused person voluntarily accompanies an officer into the demanding state without requiring the use of extradition papers, that person may not object to the regularity of the extradition process or claim it was not carried forward in good faith; after surrendering himself or herself to the receiving state, he cannot attack, in the receiving state, the method of surrender. *Hall v. Patterson*, C.C.D.N.J. (1891), 45 F. 352, 356[1]. The Constitution does not guarantee an inmate that he will be placed in any particular jail if the state has more than one such facility. *Meachum v. Fano* (1976), 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 459, rehearing denied (1976), 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155.

Accordingly, the applicant hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should he give timely

notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As a matter of law only is the basic involvement herein, such certificate will ISSUE. *Idem.*